UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHAWN WILLIAM SHERMAN, )
)
    Plaintiff, )
)
v. ) No. 4:16CV289 RLW
)
GARY FOSTER, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $20.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court finds that this action must be dismissed for failure to state a claim upon which relief can be granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against police officers Gary Foster and Tracey Chaney. He says they arrested him on November 9, 2001, on suspicion of driving a stolen vehicle. He claims that the Hon. Nannette A. Baker, who was at that time a Circuit Judge in the City of St. Louis, issued an arrest warrant for him on the following day. The warrant is attached to the complaint, and it charged plaintiff with first-degree assault, two counts of first-degree robbery, and two counts of armed criminal action. Plaintiff says that he is currently incarcerated as a result of being convicted of the charges.

Plaintiff alleges that defendants violated state law by failing to return him to Judge Baker after the arrest warrant was issued. He says if their intentions were not to return him to Judge Baker, then they should have released him. He says the state court did not have jurisdiction over him because defendants failed to return him to Judge Baker. He seeks an injunction ordering defendants to return him to Judge Baker "so the [sic] she may carry out her legal and ministral [sic] duties."

Plaintiff also alleges, in a wholly conclusory manner, that defendants subjected him to an unreasonable search and seizure.

## Discussion

Section 1983 infers liability on state actors for violations of the Constitution or federal laws. Plaintiff's allegation that defendants violated Missouri law is not actionable under § 1983. And plaintiff's Fourth Amendment claim is not supported by any facts, which if proved, would

2

entitle him to relief. As a result, the complaint fails to state a claim upon which relief can be granted.

Finally, plaintiff's claims are barred by Missouri's statute of limitations and are dismissible for this reason as well. *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (permitting dismissal of untimely in forma pauperis petitions); *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $20.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 7th day of March, 2016.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE